```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON


UNITED STATES OF AMERICA,     )
                              )Criminal No. 5:12-cr-89-JMH-1
      Plaintiff,             )      (Civil No. 15-cv352)
                              )
                              )
V.                            )
                              )  MEMORANDUM OPINION and ORDER
                              )
JAFARI T. MOORE               )
                              )
      Defendant.              )
```

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant Jafari T. Moore's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [DE 70]. United States Magistrate Judge J. Gregory Wehrman has filed a Report and Recommendation in which he recommends dismissal of the motion to vacate as untimely [DE 76] to which Moore has filed objections [DE 79]. Having considered the matter *de novo*, the Court adopts Magistrate Judge Wehrman's recommendation as its own.

A jury found defendant guilty of being a felon in possession of a firearm in September 2012 [DEs. 32, 34]. Defendant was sentenced to 120 months' imprisonment in November 2012 [DE 50]. In October 2013, the Sixth Circuit affirmed defendant's conviction and sentence on direct appeal [DE 63]. On February 24, 2014, the United States Supreme

Court denied defendant's petition for a writ of certiorari [DE 67]. Defendant's petition for rehearing was denied by the Supreme Court on May 19, 2014. Although this Court's docket sheet does not reflect the denial, the Supreme Court's own docket sheet for defendant's case (13-8383) reflects clearly that Moore filed for rehearing in March 2014, and rehearing was denied in May 2014. *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13-383.htm. Therefore, it is clear that Moore's conviction did not become final until May 2014. Defendant's §2255 motion was postmarked on November 23, 2015 and was filed by the Clerk of Court on December 1, 2015 [DE 70]. Moore's motion is untimely on its face. 28 U.S.C. § 2255(f)(1). *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008

A petition for habeas relief under § 2255 may also be filed within one year of the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). "[T]he petitioner bears the burden of proving that he exercised due diligence." *Johnson v. United States*, 457 Fed. Appx. 462, 468 (6th Cir. 2012) (quotation marks and citation omitted). The Court's review of defendant's motion does not reveal claims based on newly discovered evidence

2

(i.e., claims that could not have been discovered within the one-year limitations period), nor did defendant expressly ask for §2255(f) relief in his show cause statement. Therefore, the §2255 motion may only be deemed to have been timely filed by application of the equitable tolling doctrine.

In his Report and Recommendation, Magistrate Wehrman carefully analyzes the facts and finds that Moore had not exercised reasonable diligence in pursuing his claims. He concluded that equitable tolling did not apply in Moore's situation. *United States v. Magiera*, 2014 WL 5364799, at *2 (E.D.Ky. Oct. 21, 2014). I agree, as the facts underlying all but one issue presented in Moore's motion to vacate were known to him at trial. Indeed, he contends that he pointed them out to his trial counsel who refused to raise them. The one exception, of course, is his claim that his trial counsel was ineffective for not raising the issues he now desires to present, something he was certainly aware of during his trial.

In conclusion, it would be helpful to the reader to include the Sixth Circuit's summary of the facts of this case in its decision affirming Moore's conviction:

> Jafari Moore and three friends wound up at Diva's, a strip club in Lexington, at the tail end of a night out. As the club closed, Moore followed his friends outside through the parking lot and

3

toward their silver Camry. Moore claims that he noticed a nearby SUV needed a jump start and walked over to help. He found William Layland standing next to the SUV and James Michael King sitting in the driver's seat. Moore and Layland pushed the SUV so that it faced outwards and could be jump-started. King hopped out, and Moore spotted a pistol sticking out of his waistband Moore turned around. He heard a click, turned back around and saw King's pistol pointed straight at him. Moore "went after the gun," and the pistol went off a few times as the men wrestled for it. R.60 at 179. One shot (or a piece of concrete dislodged by a shot) hit King, who dropped the pistol. Moore grabbed the pistol, ran, jumped into the backseat of the Camry and threw the gun at his feet as the car drove away.

Three witnesses contradicted Moore's version of what happened, and one supported it. Joshua Evans, the bouncer at Diva's, was escorting dancers out of the club when he saw King's car with the hood propped open. Evans asked if King needed help, and he told one of the dancers to move her car into position to jump-start King's car. Then he saw Moore run up, grab a gun from King's belt and begin firing at King's car. Evans ran for cover, at which point Moore shot at him. Evans saw Moore get in a silver Camry, and he called the police as the car drove off. King and Layland, both called as defense witnesses, likewise testified that Moore came up to King, grabbed the pistol from King's waistband and shot at King. Moore's three friends, also called as defense witnesses, were in the car waiting for Moore and thus did not see what happened in the parking lot. Ricky Strode, who was in the parking lot collecting cans to exchange for cash, supported Moore's version of the events.

*United States v. Moore*, 733 F.3d 171, 172-73 (6th Cir. 2013).

4

The Sixth Circuit in rejecting Moore's claim that he was entitled to, but not given, a necessity instruction assumed Moore's version of the events. The Court wrote:

> Even if we accept Moore's version of events, these precedents close the door on his necessity defense. Moore knew he was a convicted felon, and he knew he could not possess a firearm. Yet he refused serial opportunities to hand over the gun. He did not leave the weapon at the scene as his car drove off. He did not give the gun to one of the other passengers when he entered the car. He did not call the police from the car. He did not ask his friend to drive him to the police station so he could turn over the pistol. He did not give up possession of the pistol when Officer Terry stopped the car and stood outside waiting for backup. And he did not give up possession when the officers removed him from the car. A defendant cannot satisfy this requirement if he kept possession of a firearm "until the police stopped his vehicle and took the gun away." [*United States v. Kemp*, 546 F.3d 759, 766 (6th Cir. 2008).] Just so here.

The facts as recounted above show that Moore was well aware of the issues long before the time for filing for relief under 28 U.S.C. § 2255 expired. Equitable tolling is unavailable to him.

Accordingly, **IT IS ORDERED** that Moore's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [DE 70] be, and the same hereby is, **DENIED**.

This 15th day of April, 2016.

5



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

6